Daniel R. Bentson, WSBA #36825
E-mail: dan.bentson@bullivant.com
BULLIVANT HOUSER BAILEY PC
1700 Seventh Avenue, Suite 1810
Seattle, Washington 98101-1397
Telephone: 206.292.8930
Facsimile: 206.386.5130

Attorneys for Plaintiff Berkley Assurance Company

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

BERKLEY ASSURANCE COMPANY, a foreign corporation,

Plaintiff,

v.

INLAND WASHINGTON, LLC, a Washington limited liability company; and RS CONSTRUCTION & EXCAVATION, INC., a Washington corporation,

Defendants.

No.:

COMPLAINT FOR DECLARATORY JUDGMENT

**JURY DEMAND**

Plaintiff Berkley Assurance Company files this Complaint for Declaratory Judgment and states as follows:

## I. THE PARTIES

1.1    **Plaintiff.** Berkley Assurance Company ("Berkley") is an Iowa corporation with its principal place of business in Scottsdale, Arizona.

1.2    **Defendant.** Inland Washington, LLC ("Inland Washington") is a Washington limited liability company. Upon information and belief, its members

are Washington citizens.

1.3    **Defendant.** RS Construction & Excavation, Inc. ("RS Construction") is a Washington corporation, with its principal place of business in Kent, Washington.

## II. JURISDICTION AND VENUE

2.1    **Jurisdiction.** Because there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs, this Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1332(a)(1) and 2201(a).

2.2    **Venue.** Inland Washington resides in Spokane, Washington, and, therefore, under 28 U.S.C. § 1391(b), venue is proper in this Court.

## III. FACTS

3.1    Inland Washington is a general contractor that specializes in high-density residential development and construction.

3.2    On or about October 23, 2013, Inland Washington hired RS Construction to perform earthwork, excavation, grading, and utility services as part of a project to construct the Copper Trail Apartments in Olympia, Washington (the "Project").

3.3    On or about March 16, 2014, Berkley issued Policy Number VUMB 0055950 (the "Policy") to RS Construction. The Policy provided commercial general liability coverage, subject to its terms, conditions, limitations, and exclusions. A true and correct copy of the Policy is attached as **Exhibit A**.

3.2    Coverage under the Policy incepted on March 16, 2014, and, originally, the Policy was scheduled to expire on March 16, 2015. But because RS Construction failed to pay the premiums owed under the Policy, Berkley canceled the Policy on October 11, 2014.

3.3     After Berkley canceled the Policy, RS Construction sought to have coverage reinstated.  In a letter to RS Construction's insurance agent, Brown & Brown Insurance, dated October 27, 2014, RS Construction requested reinstatement of coverage and stated that RS Construction was unaware of any new claims that had been brought against it between October 11 and October 27, 2014.

3.4     Based on RS Construction's letter to Brown & Brown, Berkley reinstated coverage under the Policy, effective October 27, 2014.

3.5     Following reinstatement of the Policy, however, RS Construction again failed to pay its premiums.  And, therefore, Berkley sent RS Construction a letter, dated December 11, 2014, in which Berkley explained that the Policy would be cancelled, effective the following day—that is, coverage under the Policy expired on December 12, 2014.

3.6     On or about December 13, 2016, Inland Washington's counsel sent a demand letter to RS Construction and two of its past liability insurers:  Berkley and Navigators Insurance Company.  In the letter, Inland Washington alleged that RS Construction breached the parties' construction contact, and performed negligent and defective work.  Inland Washington demanded payment of $2,129,147 to settle its threatened claims against RS Construction.  Attached as **Exhibit B** is a true and correct copy of Inland Washington's demand letter (the "Demand Letter") as it appears in Berkley's claim file.  The documents enclosed with the Demand Letter are not attached.

3.7     RS Construction tendered Inland Washington's demand to Berkley, and Berkley agreed to defend RS Construction subject to a full reservation of rights.

3.8     On or about January 30, 2018, Inland Washington sued RS Construction in Spokane County Superior Court, in the matter entitled *Inland*

*Washington, LLC v. RS Construction & Excavating, Inc.*, Case No. 18200360-6 (the "Underlying Lawsuit"). Attached as **Exhibit C** is a true and correct copy of the Complaint in the Underlying Lawsuit (the "Underlying Complaint").

3.9     In the Underlying Complaint, Inland Washington alleges that RS Construction: continually and repeatedly failed to perform its contractual obligations; failed to complete the work RS Construction was required to perform under the parties' contract; performed work that was of substandard quality, defective and/or was performed in an un-workmanlike manner; and failed to exercise reasonable care in the performance of its work. Inland Washington asserted three causes of action against RS Construction and demanded an award of damages "in an amount to be proven at the time of trial, but no less than $2,129,147, plus prejudgment interest." Inland Washington also sought to recover its reasonable attorney fees.

3.10    Berkley brings the present action seeking a judicial determination that it has no obligation under the Policy to defend or indemnify RS Construction in the Underlying Lawsuit.

## IV. CLAIM FOR DECLARATORY JUDGMENT

4.1     Berkley incorporates Paragraphs 1.1 through 3.10 as though fully set forth herein.

4.2     A genuine controversy exists between Berkley, Inland Washington, and RS Construction concerning the coverage, if any, provided under the Policy.

4.3     In the Underlying Complaint, Inland Washington contends that RS Construction is liable for damages caused by RS Construction's allegedly incomplete and substandard work. Further, Inland Washington purportedly suffered harm caused by RS Construction's negligent workmanship.

4.4     Inland Washington's claims against RS Construction do not fall

within the Policy's insuring agreement, which provides as follows:

    a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies . . . .

* * *

    b.    This insurance applies to "bodily injury" and "property damage" only if:

        (1)    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

        (2)    The "bodily injury" or "property damage" occurs during the policy period . . . .

Thus, unless otherwise excluded, the Policy provides liability coverage for "property damage," caused by an "occurrence," during the policy period.

    4.5    Costs allegedly incurred by Inland Washington to complete RS Construction's unfinished or unsatisfactory work are economic losses and, as such, they do not constitute "property damage" as that term is defined under the Policy.

    4.6    The Policy provides commercial general liability ("CGL") insurance. And, therefore, it is not a performance bond, product-liability insurance, or malpractice insurance. Accordingly, the pure workmanship defects allegedly performed by RS Construction do not constitute an "occurrence" as that term is defined under the Policy.

    4.7    The Policy provides liability coverage only for property damage that occurs during the policy period. To the extent Inland Washington contends that

1 RS Construction is liable for property damage that occurred after Berkley
2 cancelled the Policy, the Policy does not provide coverage.
3    4.8    The Policy also excludes liability coverage for Inland Washington's
4 claims against RS Construction.
5    4.9    The Policy excludes liability coverage for the insured's "ongoing
6 operations:"

> This insurance does not apply to:
>
> * * *
>
> **j.    Damage to Property**
>
> "Property damage" to:
>
> * * *
>
> (5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or
>
> (6) That particular part of any property that must be restored, repaired, or replaced because "your work" was incorrectly performed on it.

Under Washington law, these exclusions bar liability coverage for the costs of correcting an insured's defective work and consequential damages that flow from the insured's work. To the extent Inland Washington alleges that RS Construction's defective work resulted in property damage, the ongoing operations exclusions bar coverage.

    4.10   In addition, the Policy excludes liability coverage for damage to RS Construction's work

> **I.   Damage to Your Work**
>
> "Property damage" to "your work" arising out of it or any part of it including in the "products-completed operations hazard."
>
> This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

Under this exclusion, damage to RS Construction's work arising out of its operations that occurred after RS Construction completed its operations (which are included in the "products-completed operations hazard")[1] are not covered, unless the property damage arose out of a subcontractor's work. In the Underlying Complaint, Inland Washington does not allege that RS Construction's subcontractors performed defective work. And, thus, to the extent the alleged property damage occurred after RS Construction completed its operations, the Policy excludes coverage.

    4.11   The Policy also excludes liability coverage for "continuing damages:"

> **Continuing Damages**
>
> This insurance does not apply to "bodily injury" or "property damage" or "personal and advertising injury" which began prior to the earlier of:

---

[1] The "products-completed operations hazard" is a defined term under the Policy, which refers to property damage arising out of the insured's work after the insured completes or abandons its operations.

    1. The inception date of the first policy in a series of uninterrupted renewal policies issued by us; or

    2. The inception date of this policy.

The exclusion applies whether or not:

    1. The damage or its cause was known to any insured before the inception date of the policy;

    2. Repeated or continuous exposure to conditions causing "bodily injury", "property damage" or "personal and advertising injury" occurred during the policy period or caused additional or progressive "bodily injury", "property damage" or "personal and advertising injury" during the policy period; or

    3. The "occurrence" continues during the policy period of this policy; or

    4. The insured's legal obligation to pay damages was established as of the inception date of this policy.

According to this exclusion, if progressive property damage starts before the Policy incepts, the Policy bars coverage. To the extent Inland Washington alleges that RS Construction's defective work caused progressive property damage which commenced before the Policy incepted, the Policy excludes coverage.

  4.12 Further, the Policy excludes liability coverage for "new residential construction":

    The coverage under this policy does not apply

to "bodily injury", "property damage", "personal and advertising injury" or any injury, loss or damage arising out of inadequate, improper, faulty or defective construction arising out of or resulting from "your work" or "your product" involving "residential construction". This exclusion does not apply to "bodily injury", "property damage", "personal and advertising injury" or any injury, loss or damage arising out of or resulting from "your work" or "your product" when associated with work performed by you or on your behalf by a subcontractor in or along "utility easements".

"Residential construction" means all development, design, building or other construction, improvements, site selection, surface or subsurface site preparation, or any work, products or component parts thereof or services provided in relation to any of the foregoing, involving property intended in whole or in part for residential habitation, or any common or public areas or facilities related thereto.

"Residential construction" does not include "non-structural repair work" which is begun after the date of initial occupancy provided such work is unrelated to or does not complete work begun prior to the date of initial occupancy.

"Non-structural repair work" means any residential construction, except residential construction that adds or involves a load bearing portion of any structure or involves any defect that significantly and adversely affects use or utility for residential habitation.

"Utility easements" are strips of land used by

> utility companies to construct and maintain overhead electric, telephone and cable television lines and underground electric, water, sewer, telephone, and cable television lines.

Under this exclusion, the Policy does not provide liability coverage for property damage arising out of the insured's defective work involving new residential construction. In the Underlying Complaint, Inland Washington alleges that RS Construction's liability arises out of work performed to construct a new residential apartment complex—the Copper Trails Apartments. The Policy, therefore, excludes coverage for Inland Washington's claims.

    4.13  For these reasons, Inland Washington's claims against RS Construction are clearly not covered under the Policy. And, therefore, Berkley seeks a judicial declaration that it has no obligation to defend or indemnify RS Construction for the claims asserted against it in the Underlying Lawsuit.

## V. JURY DEMAND

    5.1  Berkley requests a trial by jury.

## VI. PRAYER FOR RELIEF

Berkley requests the following relief:

    6.1  **Declaratory Relief.** That this Court declare and decree that Berkley has no obligation to defend or indemnify RS Construction for the claims Inland Washington brought against RS Construction in the Underlying Lawsuit.

//
//
//
//
//

1  6.2   **Other Relief**. For such further relief as the Court deems just, proper, and equitable.

DATED: June 4, 2018.

BULLIVANT HOUSER BAILEY PC

By _____[signature]_____
Daniel R. Bentson, WSBA #36825
E-mail:   dan.bentson@bullivant.com

Attorneys for Plaintiff Berkley Assurance Company

4847-5029-8214.1